# APRIL TERM, 1889.

SAMUEL ROSE v. JOHN H. PALMER, NEWAYGO CIRCUIT JUDGE.

*Attachment—Default—Judgment—Mandamus.*

Where judgment is rendered in an attachment suit for want of an appearance and plea, it cannot exceed the sum sworn as due in the affidavit (with interest), and if taken for a greater amount *mandamus* will lie to compel the granting of a new trial if the plaintiff fails to remit the excess.

*Mandamus.* Submitted January 15, 1889. Granted April 12, 1889.

Application for *mandamus* to require respondent to grant a new trial. The facts are stated in the opinion.

*William D. Fuller,* for relator.

*George Luton* and *Edgar L. Gray,* for respondent.

SHERWOOD, C. J. The petition in this case is for *mandamus* to require the circuit judge to grant a new trial in the case of *Luton v. Rose,* tried in the Newaygo circuit, wherein a judgment was obtained by default for $1,525.25.

The suit was commenced by attachment, which was levied upon land, and the writ was also personally served upon the defendant.

The declaration was upon the common counts, the *ad damnum* being stated at $1,000. The plaintiff, against the objection of defendant, was allowed to remit the excess above the *ad damnum*. It was then ascertained that a draft of an affidavit of non-appearance of defendant had been filed before entering the default, which was not sworn to, and contained no jurat. The plaintiff, upon motion, was allowed to file an affidavit of non-appearance, properly sworn to, *nunc pro tunc*. The affidavit upon which the writ issued stated the amount of plaintiff's claim at $640.25, and the relator, on the argument of his motion for a new trial, offered to allow judgment to stand against him for that amount.

The circuit judge denied the motion for a new trial, and we think he committed error in so doing. The grounds relied upon to obtain from this Court the order prayed for by relator are—

1. That Luton failed to file a proper affidavit of non-appearance of the defendant.

2. That, the judgment being taken by default, the recovery upon the assessment of damages should have been limited to the amount stated in the affidavit.

It must be recollected there was no appearance in the case by the defendant, and the default entered was for not appearing and pleading. The defendant would not be likely to expect that the plaintiff would take judgment for more than the balance defendant owed him, which plaintiff had already sworn to, and we do not think the circuit judge should have allowed him to do so without a trial. It does not appear that plaintiff ever served the defendant with a copy of the declaration, or gave him any notice of assessment of damages, and, under the circumstances, we think justice requires that the judgment taken by plaintiff should be reduced to the amount sworn to in the affidavit for the writ of attach-

ment, and, if the plaintiff fails to consent to this reduction, a new trial should be granted, and *mandamus* must be granted as prayed.

CHAMPLIN, MORSE, and CAMPBELL, JJ., concurred. LONG, J., did not sit.