MERRILL B. MILLS ET AL. V. DUNCAN MCLEOD AND
SARAH MCLEOD, IMPLEADED WITH THE
CITY OF DETROIT.

*Equity practice—Setting aside order pro confesso.*

In this case the court is held not to have abused its discretion in
refusing to set aside an order *pro confesso* on application made
after the entry of decree, where the proposed answer fails to
meet the case made by the bill, and the affidavit of one of the
defendants filed in support of the application is met by the
affidavit of complainants' solicitor to an understanding with the
defendant, and with his solicitor, that the bill was to be taken
as confessed to save unnecessary expense, and by the affidavit
of defendant's solicitor that, after an examination of the case,
he advised the defendant that complainants were entitled to
the relief prayed for, and was instructed not to file an answer,
but to endeavor to secure a settlement without a defense.

Appeal from Wayne.    (Brevoort, J.)    Argued May 12,
1891.    Decided June 5, 1891.

Bill to quiet title.    Defendants McLeod appeal from
an order denying their motion to set aside an order *pro
confesso*.    Decree affirmed.    The facts are stated in the
opinion.

*Keena & Lightner,* for complainants.

*S. E. Engle,* for appellants.

GRANT, J.    The bill in this case was filed to quiet title
to certain lands in the city of Detroit.    The lands had
been platted by the defendants McLeod, together with
other lands which belonged to them.

The bill was filed January 14, 1890.    Subpœnas were
duly served upon defendants, and on February 10, 1890,
a copy of the bill was given to Mr. Andrus, of the firm

of Corliss, Andrus & Leete, attorneys, who were acting in the matter for the defendants. March 19 the order *pro confesso* was entered.[1] July 15 an application was made to set aside this order. The motion was heard July 28, and denied August 8.

The city appeared in the case, which was heard June 18, and decree entered for complainants.

Mr. Keena, one of the solicitors for complainants, swore in his affidavit opposing the motion that he had conversations with Duncan McLeod and Andrus, both before and after said *pro confesso*, in which it was understood both by McLeod and Andrus that defendant McLeod intended to allow the bill to be taken as confessed in order to avoid unnecessary expense. Mr. Andrus swore in his affidavit that, after an examination, he advised McLeod that the complainants were entitled to the relief prayed for; that McLeod instructed him not to file an answer, but to endeavor to make a settlement without making any defense. These affidavits are met by the affidavits of Duncan McLeod alone. We are also satisfied that the proposed answer does not meet the case made by the bill. Under these circumstances we do not think the court abused its discretion in refusing to set aside the order *pro confesso*.

The decree of the court is affirmed, with costs.

CHAMPLIN, C. J., MORSE and LONG, JJ., concurred. McGRATH, J., did not sit.

---

[1] This order was based upon an affidavit showing the non-appearance of the defendants.