MERRILL B. MILLS ET AL. v. DUNCAN McLEOD ET AL.

[See 86 Mich. 290.]

*Equity practice—Setting aside order pro confesso—Discretion of court—Appeal.*

The action of circuit courts in determining applications to set aside defaults and orders *pro confesso* will not be reviewed, unless there has been a clear abuse of discretion.

Appeal from Wayne. (Brevoort, J.) Submitted on briefs January 13, 1893. Decided February 17, 1893.

Bill to quiet title. Defendant Duncan McLeod appeals from an order denying his motion to set aside an order *pro confesso.* Decree affirmed. The facts are stated in the opinion, and in 86 Mich. 290.

*Keena & Lightner,* for complainants.

*S. E. Engle,* for appellant.

GRANT, J. After the decree of affirmance in this cause

by this Court (86 Mich. 290), that decree, upon an *ex parte* application by defendant Duncan McLeod, was modified so as to be without prejudice to the right of the defendant to apply to the court below for such relief as he might be entitled to. He thereupon filed an amended answer, and again applied to that court to set aside the decree and the order *pro confesso*. New affidavits were filed on behalf of both parties, but the issue determined by the court was the same as upon the former hearing, viz. whether the order *pro confesso* was entered by consent of the defendant McLeod. The circuit court has again exercised its discretion, and refused to open the case, and from this order defendant again appeals.

We do not think the court abused its discretion. This Court will not review the action of circuit courts in determining applications to set aside defaults and orders *pro confesso*, unless there has been a clear abuse of discretion. Both parties were represented by able and reputable solicitors, who had been in practice for many years. These solicitors and the defendant disagreed in their affidavits as to the facts. The court below decided between them, and evidently believed the statements of the former, and may have been influenced to a considerable extent by its knowledge of the situation and the facts, as they appeared upon the hearing between the complainants and the city.

If the decree was not in accordance with the statements and prayer of the bill, the defendant's remedy was by appeal.

Decree affirmed, with costs.

HOOKER, C. J., LONG and MONTGOMERY, JJ., concurred. McGRATH, J., took no part in the decision.