JOHN McGRATH v. EASTERN RAILWAY COMPANY OF MINNESOTA.

November 30, 1898.

Nos. 11,360—(120).

**Railway — Package Thrown from Fast Train — Injury to Licensee — Negligence.**

Plaintiff, while standing on a platform beside the railroad track, was struck and injured by a bundle thrown from a rapidly moving train by a news agent, who was not a servant of the railway company. It had for a long time been the practice to throw newspapers off at this point, and in a few instances heavier bundles were thrown off; but the place had few inhabitants, was in a thinly-settled portion of the state, and it does not appear by the evidence that people were in the habit of congregating on this platform when the trains passed by. In an action against the railway company for damages for this injury, *held*, the evidence does not show that the practice was dangerous, and would not sustain a verdict for plaintiff.

Action in the district court for Ramsey county to recover $26,700 for personal injuries suffered by plaintiff. From an order, Bunn, J., denying a motion for a new trial after directing a verdict for defendant, plaintiff appealed. Affirmed.

*Henry & R. L. Johns* and *J. C. Nethaway*, for appellant.

Where the master owes a certain duty to third persons or to the public, whether the same arises from contract or is a statutory obligation, he becomes responsible for the manner in which it is performed, precisely as though he personally performed it. See Wood, M. & S. § 321; Carpenter v. Boston, 97 N. Y. 494; Pollock, Torts, 64; Lawrence v. Shipman, 39 Conn. 586; Cooley, Torts (2d Ed.) 644–646, 162; Toledo v. Harmon, 47 Ill. 298. Where a dangerous custom is allowed on one's premises, the law enjoins care in preventing injury from its practice by any person permitted to come upon the premises. Ohio v. Simms, 43 Ill. App. 260. See also Snow v. Fitchburg, 136 Mass. 552. The case at bar is to be distinguished from Walton v. New York, 139 Mass. 556. In that case the throwing of the bundle was an isolated act; it had never been done before.

Defendant's knowledge of the practice and its consent thereto

are questions for the jury. Fletcher v. Baltimore & P. R. Co., 168 U. S. 135. See President v. Triplett, 1 Pet. 25; Snow v. Fitchburg, supra; Galloway v. Chicago, M. & St. P. Ry. Co., 56 Minn. 346. Plaintiff is not bound to show a relationship of master and servant between defendant and Cole, who threw the bundle. See Galloway v. Chicago, M. & St. P. Ry. Co., supra; Carpenter v. Boston, supra; Fletcher v. Baltimore & P. R. Co., supra.

C. Wellington, for respondent.

To render a carrier liable for the negligence of a mail agent in throwing sacks on the depot platform from a moving train, it must have had notice actual or implied of the negligent practice. Galloway v. Chicago, M. &. St. P. Ry. Co., 56 Minn. 346. See also Walker v. Hannibal, 121 Mo. 575; Walton v. New York, 139 Mass. 556; Fletcher v. Baltimore & P. R. Co., supra.

CANTY, J.

Mansfield is a stopping place on the railroad of the defendant, and was used mainly as the point at which to deliver supplies for a logging camp in the woods, and had but few inhabitants. A passenger train known as the "Limited" ran through the place every day, at a high rate of speed, without stopping.

Plaintiff was employed in receiving supplies and sending them to the camp, and on the day in question was standing on the platform when the train passed by. A bundle of pamphlets and periodicals, weighing about 14 pounds, thrown out of the baggage car, struck him on the leg, broke it, and otherwise injured him. This action was brought to recover damages for the injury.

On the trial the court ordered a verdict for defendant, and from an order denying a new trial the plaintiff appeals.

The package was thrown off by one Cole, a news agent on the train. He received the package from one Bergen at Princeton, another station on the road, and was requested by Bergen to take the package to Mansfield and deliver it there. Taking the package to Mansfield, and delivering it there, was wholly outside of the line of the business of Cole as news agent, and seems to have been done to save the express or freight charge.

By the terms of the contract between defendant and Cole, he

was granted the privilege of selling books, newspapers, fruit, cigars and confectionery on its trains. It agreed to carry him and his merchandise on the trains for that purpose, and he agreed. to pay for this privilege a certain sum per year. It was further agreed that he should at all times be under the control and orders of the conductor on the train. Notwithstanding this, Cole was not the servant of defendant, and the doctrine of respondeat superior does not apply.

But there was some evidence tending to prove that it had been the practice for years to throw bundles off the moving trains at this point; and appellant contends that the jury were warranted, on this evidence, in finding that defendant knew of this practice, and was negligent in failing to stop it. Defendant was not negligent in failing to stop it, unless the practice was dangerous in itself, or the persons engaged in it were careless.

The practice of throwing heavy bundles off a moving train onto a platform where people congregate in any considerable numbers is dangerous, and the railroad company may be negligent in permitting such a practice. Galloway v. Chicago, M. & St. P. Ry. Co., 56 Minn. 346, 57 N. W. 1058. But the evidence does not show that people were often on this platform when the train passed. The evidence fails to disclose that more than one or two people were usually in or about Mansfield when the limited passed through the place.

Again, most of the packages thrown off the train were bundles of daily newspapers, containing from one to six newspapers in a bundle, which would not be likely to do much injury by striking a person. In a few instances during the five or six years before the injury, heavier bundles were thrown off. This evidence would not warrant the jury in finding that the alleged practice was dangerous. This is the only question raised having any merit, and the order appealed from is affirmed.