SHAW *v.* CHICAGO & GRAND TRUNK RAILWAY CO.

1. RAILROAD COMPANIES — NEGLIGENCE — SUFFICIENCY OF AVERMENT.

A declaration which charged that a railroad company, by its servants, "made a practice" of permitting and allowing a mail bag to be ejected at a station from one of its through trains in a negligent manner, was sufficient, in the absence of demurrer, as an averment that the company knew of the alleged dangerous practice.

2. SAME — MAIL AGENT'S NEGLIGENCE — THROWING BAG FROM CAR — NOTICE TO COMPANY.

Evidence that a railroad mail agent, in ejecting a mail bag at a way station, had occasionally thrown it so that it struck the platform or the end wall of the depot building, and that on one or two occasions it had been thrown through the open door of such building, was competent to go to the jury on the question whether an accident caused by throwing the bag through a window located in the center of the end wall of the depot ought to have been anticipated by the company when it permitted the continuance of the practice.

3. SAME—CONTINUANCE OF PRACTICE—LIABILITY FOR ACCIDENT.
   A railroad company is not primarily liable for the negligence of a mail agent, but it owes a duty of not permitting dangerous habits of the agent in delivering packages from the car in such manner as to endanger persons lawfully on its premises to continue; and evidence of such a practice for a considerable period is notice to the company, rendering it liable to one lawfully on its premises and injured by such practice.

4. SAME—EVIDENCE—REMOTENESS—OBJECTIONS.
   In an action against a railroad company for negligently permitting the throwing of a mail bag from a passing train through a depot window, causing injury to a passenger in the waiting-room, evidence that a person had previously been struck by a mail bag while standing on the depot platform, though not open to the objection that it was incompetent and immaterial, should, perhaps, if defendant had made the proper motion, have been stricken out as too remote, it appearing on cross-examination that the incident referred to occurred 13 or 14 years before the accident to plaintiff.

5. SAME—TRIAL—ERROR WITHOUT PREJUDICE.
   Where, in an action against a railroad company for negligently permitting the throwing of a mail bag from a passing train through a depot window, causing injury to a passenger in the waiting-room, a letter written by defendant's attorney to the mail agent, stating that his act and negligence caused the injury, and that he would be held liable for any verdict recovered, and offering him control of the suit, was received in evidence, a verdict for plaintiff would not be disturbed therefor, since the letter contained no admission of liability, and hence could not have damaged defendant.

6. SAME—REMARKS OF COUNSEL—CORRECTION BY COURT.
   The fact that counsel for plaintiff referred to the letter in argument, asking why defendant served notice on the agent to help defend the suit, and stating it was because it knew that its negligent acts made it liable, though improper, was not ground for reversal of a judgment for plaintiff, where the court in his charge took pains to remove any false impression that might have been caused thereby from the minds of the jury.

7. PERSONAL INJURY—LOSS OF EYE—EXCESSIVE VERDICT.
   A verdict for $7,000 damages, rendered in favor of an infant plaintiff for an injury to the eye, which completely destroyed the sight, and caused permanent disfigurement, besides being very painful, was not so excessive as to warrant the court in setting it aside.

Error to Eaton; Smith, J.  Submitted February 7, 1900.  Decided April 24, 1900.

Case by Mary L. Shaw, an infant, by her next friend, Charles B. Lamb, against the Chicago & Grand Trunk Railway Company, for personal injuries.  From a judgment for plaintiff, defendant brings error.  Affirmed.

*E. W. Meddaugh* ( *Geer & Williams* and *L. C. Stanley*, of counsel ), for appellant.

*Dean & Hooker*, for appellee.

MONTGOMERY, C. J.  Plaintiff went to defendant's station at Millett at about the hour of 7:30 a. m. on the morning of July 4, 1898, to take a local train for Lansing, due at Millett at 8:17 a. m.  Defendant's train No. 1, west-bound, was due at Millett at 7:35 a. m.  This train carried mail, but was not scheduled to stop at Millett. Mail had been carried on this fast train since some time in 1893, during which time the mail sack had been thrown off and picked up at this station while the train was in motion.  The plaintiff was in the station, sitting near the window at the northeast end of the building.  The bottom of the window was 3 feet above the floor, and the window was near the center of the east wall of the building, which was 16 feet in width and 32 feet in length.  The platform in front of the building was 12 feet in width, and the rail nearest the platform would be about 3 feet distant from the platform.  The evidence shows that the mail bag was either kicked or thrown from the car door, and went about 18 feet to the east and 30 feet to the southwest.  In other words, it was thrown from the car when the train was 30 feet distant from the station, and was thrown 18 feet away from the car.  The mail pouch did not strike the ground, but went through the air sufficiently high to go through the window 3 feet above the ground, breaking the sash and panes out.  The glass from the broken window struck the plaintiff in the eye, which has resulted in total loss of

sight in that eye, and caused a disfigurement of the eye. In an action against the railroad company, plaintiff recovered a verdict of $7,000, and defendant brings error.

It is insisted that the declaration states no cause of action, and that error was committed in admitting any evidence under the declaration. The declaration contains the following averments:

"That while the said plaintiff was lawfully upon the premises of said defendant upon said day and year aforesaid, and while seated within said depot of said defendant, next to the window at the northeast end of said depot, upon a seat placed in said depot for the convenience and use of prospective passengers of said railroad company aforesaid, a certain fast west-bound train, commonly known as a 'mail train,' and scheduled to arrive at the station of Millett aforesaid at 7:35 o'clock, or thereabout, in the morning of the day and year aforesaid, and each day of the week during which time it was so scheduled to arrive, passed through said station of Millett aforesaid at a high rate of speed, which said train was scheduled by said railroad company not to stop at said station of Millett aforesaid, but to pass through said place or settlement without stopping, and which said train carried mails for the government of the United States of America, and from which train it was the practice of the mailing clerk or agent on said west-bound train to eject a mail pouch or bag at said station of Millett, from the mail car attached to and a part of said train, while said train was in motion and running at a high rate of speed; and said mailing clerk or agent, on the said 4th day of July, 1898, aforesaid, ejected said mail pouch or bag aforesaid from the door of said mail car aforesaid at said station of Millett aforesaid in manner aforesaid.

" That it was the custom and practice of said defendant, through its servants, to allow said mail pouch or bag aforesaid to be ejected from its said fast west-bound mail train so scheduled to arrive at and pass through said station of Millett as aforesaid without stopping, and while running at a high rate of speed.

"And thereupon, to wit, the 4th day of July, 1898, and upon all such days upon which said west-bound mail train was scheduled to arrive at and pass through said station of Millett aforesaid without stopping, and at the said station of Millett aforesaid, it became and was the

duty of said defendant to manage and conduct its said west-bound mail train aforesaid, by its said servants or servant, with all due care, caution, and diligence, and in a manner which would afford safety to those persons or that person who might be lawfully upon the premises of said defendant aforesaid. Yet the said defendant did not regard its duty, and use due care, caution, and diligence, but, on the contrary thereof, by its said servants or servant, made a practice and custom of allowing and permitting said mail pouch or bag aforesaid to be ejected from said west-bound mail train in a manner and at a place which subjected the persons or person who might chance to be lawfully upon the premises of said defendant at the time and place aforesaid, or on any day upon which said west-bound mail train aforesaid was scheduled to so arrive, to hazard and danger of injury; and upon the said 4th day of July, 1898, while the said plaintiff was so seated in said depot of said defendant as aforesaid, at said station of Millett, the plaintiff being then and there lawfully, and in and about her proper business, and in the exercise of due care, caution, and diligence, and without negligence or fault on her part, the said defendant, through its negligence and the negligence of its said servants or servant, allowed and permitted said mail pouch or bag aforesaid to be so ejected from said west-bound mail train aforesaid while in motion, and while running at a high rate of speed, and at such a place on said premises that it struck the said window upon the northeast end of said depot aforesaid, and, breaking through said window aforesaid, caused said plaintiff to be struck in the left eye by said mail pouch or bag aforesaid."

It is said that the declaration fails to state defendant's duty; that it states inferences, and not facts; that there is no averment that the defendant knew of the dangerous practice of discharging the mail bag. It is alleged, however, that the defendant, by its servants, made a practice of permitting and allowing the mail pouch to be ejected in a manner and at a place which subjected the person or persons who might chance to be lawfully upon the premises to hazard. This averment implies knowledge, and, if not deemed sufficiently specific, should have been demurred to. See *Fox* v. *Iron Co.*, 89 Mich. 387 (50 N. W. 872).

The plaintiff offered testimony tending to show that, for a considerable period of time, the mail agent had, in ejecting the bag, occasionally thrown it so that it struck upon the platform intended for passengers, at times struck the depot building, and once or twice it was known to go into the open door of the depot. It is contended that this evidence was—

"Incompetent and immaterial, for the reason that it did not furnish a basis for the jury to find that the defendant knew that the practice of discharging the mail bag at this station was likely to cause the injury complained of here; that is, that the defendant might anticipate or expect that the mail bag would be thrown through the window, and injure some person on the inside of the waiting-room."

It is said that:

"The most that defendant could have anticipated or expected (if the evidence was properly admitted) would be that some person who might be standing on the platform or cinder bed might be hit by the mail bag."

It is true that on no previous occasion did the mail bag go through the window, but it did strike against the end of the building. The building was 16 feet wide, and the window in the center, so that, in striking against the corner of the building, it must have struck near the window. We think it not necessary that the plaintiff show that the mail bag had previously struck at this precise place. The test to be applied should be, were the previous acts such that, in common prudence, the defendant ought to have anticipated that such an accident was liable to happen? And the evidence in this case was such as to make it proper to submit the question to the jury, as the circuit judge did.

This question has never been presented to this court before, but, in a number of the States, almost the precise question has been passed upon. We think a fair statement of the law as established by the decisions is this: The railroad company is not primarily liable for

the negligence of the mail agent, but it does owe the duty of not permitting dangerous habits of the agent in delivering heavy packages from the car in such manner as to endanger persons lawfully on its premises to continue; and evidence of such a practice continued for a considerable period is notice to the company. *Snow* v. *Railroad Co.*, 136 Mass. 552 (49 Am. Rep. 40); *Galloway* v. *Railway Co.*, 56 Minn. 346 (57 N. W. 1058, 23 L. R. A. 442, 45 Am. St. Rep. 468); *Carpenter* v. *Railroad Co.*, 97 N. Y. 494 (49 Am. Rep. 540). The cases cited by defendant's counsel (*Muster* v. *Railway Co.*, 61 Wis. 325 [21 N. W. 223, 50 Am. Rep. 141] ; *McGrath* v. *Railway Co.*, 74 Minn. 363 [77 N. W. 136]; *Southern Railway Co.* v. *Rhodes*, 30 C. C. A. 157, 86 Fed. 422), do not, as we read them, deny any of the propositions above stated.

Mr. Crane, a witness for plaintiff, was asked whether he was present at one time when an old gentleman was hit by a mail bag on the platform. It was objected to as immaterial and incompetent. The answer was given in the affirmative. On the cross-examination it developed that this transaction occurred some 13 or 14 years before the trial. The cross-examination developed that the transaction was remote from the time of the injury to plaintiff, and a motion to strike out would have been proper; but no such motion appears to have been made. The question itself was not improper, nor did the defendant's counsel ask to have the question limited as to time, or suggest that the time was too remote. There was no error in the ruling. ·

. The plaintiff called as a witness the mail agent who threw the bag causing the injury, and, in connection with his testimony, offered in evidence a notice given by the attorney of the company notifying him of the pendency of the suit, stating, among other things, "You are notified that your act caused said injury, and your negligence, if any, occasions said action," and stating that he would be held responsible to answer and pay any verdict recovered, and tendering him control of the suit. The purpose

of introducing this paper is not stated. It may have been to show the interest or bias of the witness; but, as his interest already appeared, it is difficult to see how the paper became important. We do not discover how its bare introduction could have damaged defendant. The paper contained no admissions of liability on the part of the company.

In the argument plaintiff's counsel referred to this notice as follows:

"Why did they serve notice on him to come in and help defend the suit? They knew a judgment stared them in the face; they knew their negligent acts made them liable and responsible for it."

This was excepted to. The circuit judge began his charge as follows:

"Before I give you the law in the case, I think I had better suggest to you something briefly regarding one suggestion made by Mr. Dean in his argument, and that is about the notice served upon Mr. Fulton. I thought possibly, in his zeal, he might have said something that you might misconstrue. As a matter of fact, he did not say anything really out of place. That notice the railroad company had a perfect right to serve. It was a fair and proper thing for it to do. It was not served on the government; it was served on Mr. Fulton, an employé of the government, to protect its legal rights. Should a judgment be rendered against it, if it desired or felt that Mr. Fulton was the man that should pay any damages, should any be rendered, it had a perfect right to serve that paper. I want to call your attention more particularly that the fact of serving that paper is not an admission that it is liable, and you ought not to find it so from the fact of serving that paper."

While it is manifest that counsel made an improper use of this paper as evidence of an admission by defendant, it is equally manifest that the court took pains to remove any false impression from the minds of the jury. We do not think the judgment should be disturbed on this ground, as we feel satisfied that the jury could not have failed to understand the caution of the court.

Other exceptions were noted to the argument of counsel. We do not find in it any such abuse of privilege or distortion of the evidence as called for the interposition of the court.

Error is assigned on the refusal of the court to grant a new trial. We do not find the verdict so clearly against the evidence as to justify us in reversing it on that ground. We also think that there was evidence to support the theory given to the jury by the charge.

As to the claim that the verdict was excessive, it is true that $7,000 is a large sum. The injury is, however, severe. Besides being very painful, it caused permanent disfigurement to the eye and loss of sight. We do not think the award of damages so grossly excessive as to justify us in interfering.

The judgment will be affirmed, with costs.

MOORE, LONG, and GRANT, JJ., concurred. HOOKER, J., did not sit.