NORTH MICHIGAN LAND & LIVE STOCK CO. v. KNEE-LAND.

1. SAVING QUESTIONS FOR REVIEW—FAILURE TO EXCEPT—NECESSITY OF MOTION FOR NEW TRIAL.

Where the attorney who tried a case was disconcerted by a prompt ruling of the court, and inadvertently failed to except, and out of diffidence neglected to offer testimony which he might otherwise have offered, the matter should have been brought to the attention of the trial court by motion for a new trial in order to secure review in this court.

2. NEW TRIAL—EXCESSIVE VERDICT—EVIDENCE.

In an action of trespass for cutting timber, a new trial will not be granted, on the ground that the verdict is excessive and against the weight of the evidence, where it appears that defendant had full notice of plaintiff's claims, and, instead of keeping an account of the timber cut from plaintiff's land, intentionally mingled it with a large amount of other timber then being cut by defendant in carrying on extensive lumbering operations.

3. SAME—ABSENT WITNESS—CUMULATIVE TESTIMONY.

A new trial will not be granted because of the absence of a witness whose testimony would have been merely cumulative on the question of damages, and whose intended absence was known to counsel, if not to the party, before the trial was proceeded with.

4. TRESPASS — TREBLE DAMAGES — LIABILITY — INSTRUCTIONS —
   HARMLESS ERROR.
     Error in instructions on the liability of defendant for treble
       damages for cutting timber is harmless, where the jury re-
       lieve the defendant from liability beyond single damages.

5. NEW TRIAL — EXCESSIVE VERDICT — REDUCTION BY COURT —
   EFFECT.
     Where, on a motion for a new trial, in an action of trespass for
       cutting timber, on the ground of excessiveness of the verdict,
       the trial court, after considering the affidavits filed in sup-
       port of the motion, concludes that the verdict is excessive
       and orders a remittitur, a claim that he should have sub-
       mitted the matter to another jury, instead of fixing the
       amount of damages, is not well taken, where the court did
       not find defendant excused for the failure to produce at the
       trial better evidence of the amount of timber cut.

Error to Montmorency; Emerick, J. Submitted June
17, 1907. (Docket No. 59.) Decided September 20,
1907.

Trespass quare clausum fregit by the North Michigan
Land & Live Stock Company against Otis S. Kneeland.
There was judgment for plaintiff, and defendant brings
error. Affirmed.

*Lewis P. Coumans*, for appellant.

*I. S. Canfield*, for appellee.

OSTRANDER, J. The only contention open to appellant
upon this record is the one that the court erred in refusing
to grant a new trial. Other errors are assigned, based
upon rulings made on the trial and upon a charge in
agreement with these rulings. Counsel apparently ac-
quiesced in the rulings made by the court. It is said in
the brief:

"Perhaps it might be said that the attorney for defense
instead of acquiescing in the court's determination in re-
gard to the deed should have persisted in seeking to make
additional proofs of the regularity of the proceedings
previous to the deed, introducing the decree of the court,

etc., but the terse and positive statement of the court in regard to the deed evidently stopped him from proceeding farther on that subject."

It is a sufficient answer to the argument made upon this proposition to say that if the attorney who tried the case was disconcerted by the prompt ruling of the court, and out of diffidence (these reasons are suggested in the brief) neglected to offer testimony which he might otherwise have offered, it was a matter which should have been brought to the attention of the court on the motion for a new trial. Especially is this true if the failure to except to the rulings of the court was also a matter of inadvertence. No such reason for granting a new trial was asserted.

A proper understanding of the issues may be obtained from the reasons, which are here set out, given by the circuit judge for refusing a new trial:

"This is an action of trespass, brought by the plaintiff to recover damages for the cutting and removing by defendant, of certain kinds of timber from off the southeast quarter of the southeast quarter of section 27, in township 29 north, of range 2 east, in said county.

"Upon the trial the plaintiff established a complete chain of title from the government to itself to the land in question.

"The title of the plaintiff to the land in question, at the time of cutting and removal of the timber, was conceded by the defendant.

"While the defendant held under certain conveyances of various parties to the timber in question, it was admitted that these conveyances were all invalid, and that the defendant had no legal title to enter upon the land or cut and remove the timber therefrom.

"Two questions were litigated upon the trial:

"*First*, the amount and value of the timber actually cut and removed from the land by the defendant; and

"*Second*, whether the defendant cut and removed such timber under such circumstances as would render him liable for treble damages therefor, under the statute in such case made and provided.

"The trial at the last May term of this court resulted

in a verdict for the plaintiff for the sum of $1,505.80 for single damages, upon which judgment was entered for the plaintiff.

"The defendant has moved for a new trial upon various grounds, which may be reduced to the following:

"Because the verdict is against the weight of evidence and is excessive in amount.

"Because of newly discovered evidence, and because the defendant was unable, upon the trial, to procure the attendance of one George H. Cross as a witness, and

"Because the court erred in certain particulars in charging the jury.

"After a careful consideration of the affidavits submitted upon both sides and the showing made upon such motion, the court came to the conclusion that the verdict was excessive in amount, and entered an order that unless the plaintiff filed its consent in writing that the verdict be reduced to the sum of $1,000, and remitting the sum of $505.80 in excess thereof, the defendant would be granted a new trial.

"Such consent was then duly filed in the case, and the judgment now stands in favor of the plaintiff for the sum of $1,000.

"Before any of the timber was cut or removed by the defendant he had ample and repeated notice from the plaintiff that it was the owner of the land in question, and that, if any timber was cut and removed from the same by the defendant, he would be held responsible therefor in an action at law.

"Under these circumstances, the least he could do, in justice to the plaintiff and the court, would have been to have kept an accurate account of the timber thereafter cut and removed by him from the land in question and the market value and prices obtained therefor by him.

"Nothing of the kind was done, but the timber was apparently intentionally mingled with a large amount of other timber, then being cut and put in by the defendant in carrying on his extensive lumbering operations.

"I do not think that the presence of the witness, George H. Cross, would have changed the result in any particular. His testimony would have been purely cumulative to that of the plaintiff as to the amount of timber upon the land in question before any was cut by the defendant. It would have amounted, at the most, to his estimate of what timber was standing upon the land at the

time it was purchased by the defendant, and also of the amount of timber which had been cut off therefrom at some earlier period or periods.

"And, again, while the defendant may not have known that Mr. Cross would not be present at the trial at the time the jury was sworn, his counsel did know before the trial was proceeded with that he would not be present at the trial, and voluntarily elected to proceed therewith in the absence of this witness.

"The verdict and judgment, as reduced by the court, in my opinion is not excessive.

"All the errors of the court, in charging the jury, which are set up in the motion for a new trial, relate to the manner of submitting the question to the jury of the liability of defendant for three times the value of the timber cut and removed by him. This question was determined by the jury in defendant's favor, and if any errors were committed by the court therein, they are now of no importance."

We find no reason for disturbing these conclusions. The point is made that the court, after considering the affidavits filed in support of the motion, found the verdict excessive and should therefore have submitted the matter to a new jury instead of fixing the amount of the damages. The court did not find the defendant excused for the failure to produce at the trial better evidence of the amount of timber cut and removed. See *Canfield* v. *City of Jackson,* 112 Mich. 120.

The judgment is affirmed.

BLAIR, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.