### CARTON v. DAY.

1. APPEAL AND ERROR—MOTIONS—SETTING ASIDE DEFAULT.
   A defendant who is defaulted for non-appearance, and who files a motion and affidavits to set aside the default, may review, on writ of error, a denial of the same conditioned upon the remitting by plaintiff of a portion of the judgment, although an unqualified denial of the motion, being discretionary, could not be so reviewed.

2. DEFAULTS—SETTING ASIDE—CONDITIONAL REFUSAL.
   A defendant is not prejudiced by an order of the court refusing to open a default and set aside a judgment entered, when the refusal is conditioned that the plaintiff remit that portion of the judgment as to which defendant made a showing of a meritorious defense.

Error to Genesee; Wisner, J. Submitted February 16, 1909. (Docket No. 88.) Decided May 26, 1909.

Assumpsit by John J. Carton and Everett L. Bray, copartners as Carton & Bray, against Homer A. Day for services rendered. A judgment for plaintiffs is reviewed by defendant on writ of error. Affirmed.

*De Vere Hall* and *A. A. Ellis*, for appellant.

*Brown & Farley* and *Black & Roberts*, for appellees.

HOOKER, J. The plaintiffs began their action by summons tested June 15, and returnable July 10, 1908. It was personally served on June 15, and returned June 16, 1908. Declaration was filed on June 22, 1908. On July 1, 1908, defendant's default for non-appearance was entered, upon filing of the usual affidavit. On July 3, 1908, damages were assessed before the court at $4,531, including some interest. All of these proceedings occurred at the April term of court. On July 16th a motion to set aside the default and judgment and to grant the de-

fendant a trial upon the merits was filed, together with an affidavit in support thereof. This affidavit alleged that the defendant inadvertently omitted to cause his appearance to be entered and that he had a good defense upon the merits. It also contained a long and detailed statement of alleged merits, occupying 10 pages of this record. Counter affidavits were filed, and these also contained statements of plaintiffs' version of the merits, contradictory and explanatory of defendant's affidavit. The motion was heard upon these affidavits, and the court filed a written decision. No request for reasons was filed, and we find no exception to his opinion or order; the only exception shown being one to the reading and consideration of the counter affidavits of Carton and Bray.

If the opinion filed can be fairly called a filing of reasons for denying the defendant's motion, which we do not intend to imply, it justified the inference that the learned circuit judge was not satisfied with defendant's excuse for not appearing in the cause, but that, in view of some negotiations had at one time between the parties wherein there was an offer to accept $2,500 in settlement of the claim, he determined to grant the motion unless plaintiffs should reduce their judgment by remission to $2,500. Counsel for defendant contend that they are not here under the statute authorizing a review of denials of motions for new trial on error. If that is so, the only question is whether the court erred in his refusal to set aside the default. On this record it is reviewable on error. Had he made an unqualified denial of that motion, we should see no reason for interfering, as it was a matter of discretion. The court saw fit, however, to grant the motion conditionally, and it is of the condition that defendant complains.

We are of the opinion that he was not injured by the condition. Aside from any technical view, however, we are impressed that the circuit judge was satisfied, from the merits set forth in the affidavits for which defendant is responsible, that defendant's affidavit of merits had no

substantial foundation, up to the amount of $2,500; but, to be sure that no injustice was done him, he required the remission as a condition to a denial of the motion, under a practice which is common in this State, as appears from the following cases taken from plaintiffs' brief: *Rose* v. *Newaygo Circuit Judge*, 74 Mich. 332 (41 N. W. 1080); *Detzur* v. *Brewing Co.*, 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500); *Fye* v. *Chapin*, 121 Mich. 675 (80 N. W. 797); *Shaw* v. *Railway Co.*, 123 Mich. 629 (82 N. W. 618, 81 Am. St. Rep. 230, 49 L. R. A. 308); *North Michigan Land & Live Stock Co.* v. *Kneeland*, 149 Mich. 495 (112 N. W. 1114).

We find no error in this record, and the judgment is affirmed.

OSTRANDER, MOORE, McALVAY, and BROOKE, JJ., concurred.