## SNOOK v. MT. CLEMENS SUGAR CO.

1. APPEAL AND ERROR — NEW TRIAL — JUDGMENT — REDUCING AMOUNT.

On appeal from the judgment of the circuit court requiring plaintiff in an action upon contract to remit a portion of the judgment, the trial court will not ordinarily interfere with the conditional order requiring plaintiff to remit or to submit to a new trial, and such order will usually be affirmed.

2. SAME—TRIAL—MOTIONS.

In reviewing an action of the trial court in granting or denying a new trial, the appellate court will take into consideration the superior opportunity which the lower court had in seeing and hearing the witnesses give testimony and to judge of their credibility, and will only reverse an order of the trial court in a clear case of abuse of discretion.

Error to Macomb; Tucker, J. Submitted April 13, 1915. (Docket No. 61.) Decided June 7, 1915.

Assumpsit by Thomas W. Snook against the Mt. Clemens Sugar Company for breach of contract. Judgment for plaintiff, which the trial court required to be reduced upon penalty of a new trial. Plaintiff remitted and defendant brings error. Affirmed.

*T. A. E. Weadock,* for appellant.

*Martin Crocker,* for appellee.

MOORE, J. This case has been here before. A reference to the opinion (180 Mich. 691, 146 N. W. 631) will be helpful now. After that opinion was handed down defendant asked the plaintiff for the delivery of the barrels which were the subject of the controversy. When plaintiff made delivery of the

186 Mich.—38.

barrels they had, defendant claimed that fewer were delivered than were involved in the controversy, and moved for a rehearing for that and other reasons. Affidavits were filed and a hearing had. The trial judge required the plaintiff to remit $291.55 of the judgment, or to submit to a new trial. The plaintiff at once remitted. The defendant has brought the case here by writ of error, claiming a new trial should have been granted, or that in any event the trial judge should have required a larger amount to be deducted from the judgment.

An examination of the opinion of this court shows that plaintiff sued, not only for the barrels, but for interest and storage from January, 1906, and that there was some testimony the storage would be worth $10 a month. In disposing of the motion for a rehearing the trial judge stated in writing his reasons in part as follows:

"I have had considerable difficulty in determining the amount which I think the judgment should be reduced. I cannot know just how much storage the jury allowed, nor exactly the number of barrels they found had been accepted.

"I have concluded to order a new trial unless the plaintiff consents to a reduction in the judgment of $291.55, leaving the same $1,171.23. I arrived at this amount of my reduction by allowing defendant 58.9 cents per barrel for 495 barrels, which is the utmost I can conceive they are entitled to."

This court has allowed and approved the action of the trial judges in making the granting of a new trial depend conditionally upon the remitting of a portion of the judgment. *Detzur* v. *Brewing Co.,* 119 Mich. 282 (77 N. W. 948, 44 L. R. A. 500) ; *North Michigan Land & Live Stock Co.* v. *Kneeland,* 149 Mich. 495 (112 N. W. 1114). The rule as to when this court will interfere with the action of the trial court in disposing of motions for new trials was so clearly stated by Jus-

tice CARPENTER in *Hintz* v. *Railroad Co.*, 132 Mich.
305 (93 N. W. 634), that it is not necessary to restate
it here.

Judgment is affirmed.

BROOKE, C. J., and McALVAY, STONE, OSTRANDER,
BIRD, and STEERE, JJ., concurred. KUHN, J., did not
sit.