McCULLOUGH *v.* McCULLOUGH.

DEFAULT—DISCRETION OF COURT—REVIEW.

    In a divorce case in which the defendant wife sought to have her default vacated and upon contradictory affidavits of the parties the trial court was within its discretion in declining to permit defendant to file an answer; Chancery Rule No. 7, subd. *d*.

Appeal from Ingham; Collingwood, J.   Submitted June 22, 1915.  (Docket No. 93.)   Decided July 23, 1915.

Bill by Robert E. McCullough against Dora A. McCullough for divorce.  From an order denying defendant's motion to vacate her default and from a decree entered in complainant's favor, defendant appeals. Affirmed.

*David H. Crowley (McArthur & Dunnebacke,* of counsel), for complainant.

*Jason E. Nichols,* for defendant.

MOORE, J.  The following history of the case will be helpful in passing upon the questions now before us: On November 29, 1913, complainant filed his bill of complaint asking for a divorce against defendant on the ground of extreme cruelty.  On December 11, 1913, an affidavit of nonresidence was filed and an order of publication made and entered.  On July 13, 1914, proof of publication of this order was filed.  On July 13, 1914, an affidavit of nonappearance, affidavit of regularity, and order *pro confesso* were all duly filed and such later order entered.  On July 13, 1914, the bill being taken as confessed by the defendant for failure to appear, proofs were taken in open court, and the complainant, Robert E. McCullough, and his brother William C. McCullough were sworn as witnesses.  In accordance with a local rule, the proofs being sufficient, the case was held open before the entering of decree for a period of at least 30 days.  On September 21, 1914, more than 2 months after proofs were taken, a decree was signed and entered granting to complainant a divorce from the bonds of matrimony.  On November 27, 1914, defendant filed a motion to set aside her default and the decree entered, and that she be

permitted to file her answer tendered therein. This motion was based upon defendant's affidavit. In this affidavit she asked that the answer tendered with the motion be considered in support of such motion. On December 23, 1914, complainant filed his sworn answer and countershowing in opposition to such motion. On April 6, 1915, an order was made denying defendant's motion to set aside her default and the decree. From this order the case is brought here by appeal.

In disposing of the motion, the chancellor made use of the following language:

"After listening to the arguments of counsel, and after a careful consideration of the matters set forth in defendant's motion and answer, together with the testimony in the original hearing, as well as the answer of complainant to the motion or petition, this court is convinced, and gives as an opinion, that:

"Neither the private interests of the parties to the suit nor the interests of the public or the public good justify setting aside the default and decree and opening the case to a rehearing."

Counsel for the appellee say:

"The following questions are involved upon this appeal: (1) Is appeal the proper remedy, or should the questions presented be disposed of on mandamus? (2) Will this court review the discretion of the circuit judge in refusing to set aside the default and decree and permit the defendant to file her answer tendered therein?"

The record is before us. We are favored with elaborate briefs, and have listened to oral arguments, and for that reason will refer only to the second question:

Chancery rule 7, subd. (d), reads as follows:

"An order entered under these rules may be set aside on special motion, for cause shown, in the discretion of the court, on such terms as may be deemed just and proper. But, to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing ·

a defense on the merits as to the whole or a part of the complainant's case."

We have already seen that the proceedings leading up to the decree were regular. The motion to set aside the default was supported by an affidavit and the sworn answer of defendant. These were met by the affidavit of the complainant, who either denied or explained each of the charges made in the answer.

We have read the entire record with care. We do not think the chancellor abused the discretion given him by the rule in his disposition of the motion. See *Detroit Tug, etc., Co.* v. *Circuit Judge*, 75 Mich. 360 (42 N. W. 968); *Mills* v. *McLeod*, 86 Mich. 290 (49 N. W. 134); *Id.*, 94 Mich. 627 (54 N. W. 387); *Carton* v. *Day*, 157 Mich. 43 (121 N. W. 295); *Boynton* v. *Circuit Judge*, 163 Mich. 500 (128 N. W. 738); *Burgard* v. *Burgard*, 175 Mich. 565 (141 N. W. 549); *Emery* v. *Airth*, 180 Mich. 433 (147 N. W. 536).

The decree and order are affirmed.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.