PAYNTON v. PAYNTON.

1. DIVORCE—FRAUD—DEFAULT—VACATING DECREE.
   Where complainant husband told defendant that he could not procure a divorce without her consent, which he tried to obtain, he was merely expressing an opinion and was not guilty of actual fraud, requiring the decree to be vacated.

2. SAME—PUBLICATION OF NOTICE—REOPENING CASE.
   And the publication of the notice in a comparatively obscure paper, and failure to give defendant actual notice, although he knew her address, were not fraudulent where complainant complied with the statute, although such conduct may well be taken notice of in a proceeding to reopen the case.

3. SAME—RES JUDICATA.
   A decree of the Illinois court denying a divorce to complainant on the ground that defendant was an habitual drunkard established the fact that defendant was not an habitual drunkard at that time, but would have no tendency to show that she had not become one when this suit was started four years later.

4. SAME—VACATING DECREE—THIRD PARTIES—DISCRETION OF COURT.
   Where the court below denied a motion to vacate a decree of divorce, giving in part as his reason for doing so that in the meantime an innocent woman, relying on the decree, had married complainant, the action of the court is largely a matter of discretion, and, unless abused, this court will not interfere.

5. SAME—PRACTICE—CHANCERY RULE—SWORN ANSWER—MERITORIOUS DEFENSE.
   Where defendant failed to file a sworn answer showing a defense on the merits to complainant's case, as required by Chancery Rule 7, with her petition praying to have a default decree of divorce vacated, the order of the court below denying the petition will be affirmed.

Appeal from Berrien; Bridgman, J. Submitted June 8, 1916. (Docket No. 32.) Decided December 30, 1916.

Bill by George C. Paynton against Anna Bertha Paynton for a divorce. From an order denying defendant's motion to set aside a decree entered on default, she appeals. Affirmed.

*O'Hara & O'Hara,* for complainant.

*Rolland E. Barr,* for Lillian H. Paynton, intervener.

*John J. Sterling* and *Miles J. Devine,* for defendant.

PERSON, J. On the 8th day of July, 1915, complainant obtained a decree of divorce in the present case. He was at the time, and for more than two years had been, a resident of Berrien county, in this State. The defendant, however, resided in the city of Chicago, and service was obtained upon her by publication. On August 14th, about five weeks after the divorce was granted, he married again. His present wife intervenes in these proceedings. On November 3, 1915, defendant filed a petition asking that the decree of divorce be vacated, her default set aside, and she permitted to file an answer, plea, or demurrer to the bill. No copy, however, of any proposed answer, plea, or demurrer was tendered with the petition. On December 31, 1915, after a full hearing, the court refused to reopen the case, and made an order denying the prayer of the petition. This is an appeal from that order.

It seems to be conceded that all of the proceedings in taking the decree were regular. There was a proper affidavit of defendant's nonresidence, an order of publication granted by the circuit judge, due publication of the order, the entry of defendant's default, and evidence sufficient to warrant a divorce. In accordance with a local rule of the court, the decree was neither signed nor filed until 30 days after the hearing.

It is claimed in the petition that the course pursued by complainant in obtaining the decree was a fraud upon defendant and upon the court, and such charge is based upon the following averments in the petition:

*First.* That almost to the time of filing his bill complainant was negotiating with defendant for her consent to a divorce.

*Second.* That he had told her he could not obtain a decree without her consent.

*Third.* That the order of publication ·was printed in a comparatively obscure paper for the purpose of keeping it from her knowledge as much as possible, and that he gave her no actual notice of his application for a divorce, although well knowing her residence and address.

*Fourth.* That he caused the proceedings to be suppressed and kept from the other newspapers.

*Fifth.* Because the charge that defendant had become an habitual drunkard, upon which the divorce was granted, had been decided adversely to complainant, after a full hearing in a divorce suit instituted by him against her in Chicago in the year 1911, and was *res adjudicata.*

It cannot well be said that any of these acts on the part of complainant were actually fraudulent. His attempt to secure defendant's consent to a divorce was unsuccessful, and there is no claim of collusion between the parties. Neither did his attempt to gain her consent have any tendency to deceive her as to his intention to procure a divorce, but rather the reverse. She says in her petition that he told her he could not procure a divorce without her consent. This necessarily was a matter of opinion, and did not imply that he would not attempt to procure one. The law did not require him to give her notice of the proceedings otherwise than by publication of the order, and it permits its publication in any newspaper printed in the county. What he evidently aimed at was to keep strictly within the law and furnish her with no other knowledge of the proceedings than such as the law expressly required. Such a course cannot be said to be fraudulent, although it well may be taken notice of by the court when brought to its knowledge in a proceeding to reopen the case.

The decree of the Illinois court seems to have been a final decree establishing the fact that defendant was not an habitual drunkard when it was rendered in 1911; but that, of course, would have no tendency to show that she had not become one when this suit was begun in 1915.

In declining to reopen the case the circuit judge said:

"The complainant and the defendant have not lived together for almost seven years. There is no claim of intention or desire on the part of the defendant to ever again live with complainant. According to her own statements she can have no love or regard for him, and, if her statements are true, she must loathe and abhor him. On the other hand, if complainant's statements are true, defendant is a woman for whom he can have little regard or respect. Under such circumstances, the marriage having been really dissolved (even without the court understanding all the circumstances), there can be little advantage to anybody by again reuniting the parties, even though the court might in the first instance, with full knowledge, have denied the decree.

"There are certain facts connected with the case that do not impress the court pleasantly or favorably. If only the original parties were interested and the court has any discretion in the matter, possibly a different feeling might prevail. An innocent woman has been brought into the case. She, relying upon the decree of this court, has assumed in good faith the marriage relation with the complainant. If this motion prevails, upon her will fall a large part of the distress and suffering incident to the proceeding."

The action of the court upon such an application as this is largely a matter of discretion; and such discretion will not be interfered with on appeal unless clearly shown to have been abused. *McCullough* v. *McCullough,* 187 Mich. 404 (153 N. W. 674), and cases there cited. And, under all of the circumstances, we are not prepared to say that the refusal of the circuit

judge to reopen this case was an abuse of such discretion. *McCullough* v. *McCullough, supra.*

'There is another reason why we do not feel called upon to interfere with his action. Chancery Rule 7 (131 Mich. xxxvi), in force when these proceedings were had, reads in part as follows:

"Any order entered under these rules may be set aside on special motion, for cause shown, in the discretion of the court, on such terms as may be deemed just and proper. But to entitle a defendant to an order setting aside his default for want of appearance or answer, he shall proffer a sworn answer showing a defense on the merits as to the whole or a part of the complainant's case."

The practice required by this rule is not a mere technicality. The court, when exercising its discretion, has a right to know that a material issue will be raised in the case, and that the proceedings will not be delayed. The defendant, in this instance, utterly failed to comply with the rule. She did not tender any answer to complainant's bill, nor, so far as the record shows, offer to supply the omission when attention was called to it on the argument. An applicable rule of court is, so far as it goes, the law of the case, and we cannot justly reverse the action of the trial court in adhering to it.

The order is affirmed.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.