NICHOLAS G. HEYMES v. BENJAMIN F. CHAMPLIN ET AL.

*Judgments—Sufficiency of declaration—Objections to testimony—Action on recognizance of special bail—Files of original case in evidence—Amendment of a sheriff's return.*

1. A judgment will not generally be disturbed for technical defects in a declaration that is sufficient to sustain it and has not been demurred to.

2. The objection that testimony is "inadmissible under the pleadings" is too indefinite to aid an appellate court; the reasons for it should be clearly stated and the attention of the trial judge particularly directed thereto.

3. In an action upon a recognizance of special bail, the omission to allege in the declaration that a *fi. fa.* has been issued and returned unsatisfied, will not, *it seems,* defeat a judgment if the objection has not been seasonably interposed.

4. The files and record in a case are admissible in a suit upon a recognizance of special bail taken therein.

5. *It seems* to be within the discretion of a judge in trying an action upon a recognizance of special bail, to permit the sheriff to amend his return to a capias in the original suit, by adding the date.

Error to Jackson. (Gridley, J.) Oct. 23.—Oct. 31.

DEBT on bond. Defendants bring error. Affirmed.

*Erastus Peck* and *Gibson, Parkinson & Ashley* for appellants. Failure of a declaration to state a cause of action is not waived by pleading to the merits instead of demurring: *Stoflet v. Marker* 34 Mich. 313; the files and papers in another suit cannot be amended for the purposes of evidence, ex parte: *Johnson v. De Witt* 36 Mich. 97; *Haynes v. Knowles* id. 408.

*A. & C. A. Blair* for appellees. An officer's return cannot be amended at the trial: *Wilcox v. Sweet* 24 Mich. 356; *Montgomery v. Merrill* 36 Mich. 97; in a declaration for breach of the condition of a bond it is sufficient if the breach is assigned in the language of the recognizance: see Chitty's note "p" to the form used at page 473; also 1 Chit. Pl. 403, 473, note p; *Gillespie v. White* 16 Johns. 117; *Bensel v. Lynch* 44 N. Y. 164; *Hinman v. Brees* 13 Johns. 529; defendant is supposed to be in the custody of the bail and it is their duty to surrender him to exonerate themselves: *Koch v. Coots* 43 Mich. 30; *Scott v. Shaw* 13 Johns. 378; *Jones v. Cook* 1 Cow. 309.

SHERWOOD, J. The declaration in this case was upon a

recognizance of special bail, dated November 1st, 1878, in a case in which the present appellee, Heymes, was plaintiff, and one Patrick O'Grady was defendant, in an action on the case. Plea, general issue, with notice of death of defendant O'Grady. The case was tried by the court without a jury, and the plaintiff recovered a judgment for the amount of the penalty in the recognizance. The defendants bring error, and the case is before us on bill of exceptions.

There are no special findings in the case. The errors assigned, all except one, relate to the admissibility of the evidence received under the declaration ; the objection being, substantially, that it does not state a cause of action [because there was no allegation that a *fi. fa.* had been issued and returned unsatisfied]. The defendants did not demur, but pleaded issuably, and went to trial on the issue before the court without a jury.

The declaration is sufficient to support the judgment, and in such case, where there has been no demurrer, the judgment will not usually be disturbed though technically defective.

The judgment in this case is a general finding upon the facts, and the objections taken are of the most general character, the only ground stated therefor being "inadmissible under the pleadings." This furnishes the Court with little or no assistance in determining the question raised by the objection. In this class of cases the reasons for the objection should be fully and clearly stated, and call the attention of the trial judge distinctly and particularly to the grounds on which it is made, to serve any useful purpose. *Turner v. People* 33 Mich. 382 ; *Baylis v. Stout* 49 Mich. 217 ; *Adams v. State* 25 Ohio St. 584.

The particular defects claimed in this Court, which it is thought made the testimony inadmissible, were not pointed out by counsel taking the objections. This should have been done.

The amendment of the return by the sheriff to the writ

in the proceedings offered in evidence, was permissible, and the objection thereto is not well taken.[1]

The files and record in the case of Heymes v. O'Grady, it being the case in which the recognizance sued on was taken, were properly received in evidence. They are not subject to the objections made.

We find no error in the record in this case.

The judgment must be affirmed with costs.

The other Justices concurred.

————————————————————————————

[1] The amendment was by adding the words "Dated October 19, 1881."