## LEWIS v. BELL.

1. EVIDENCE—EXPERT WITNESS—COMPETENCY TO TESTIFY.
    The fact that one has been employed in a stable for two years and a half, where he has had charge of 40 horses, and that he has, as he testifies, "watched the symptoms" of horses, does not, in the absence of any showing that he has had skill or experience in the diseases of animals, render him competent to give an opinion as an expert as to the cause of death of a horse.

2. NEGLIGENCE—INSTRUCTIONS—MATTER OF COMMON KNOWLEDGE.
    In an action to recover for the death of horses, alleged to have been occasioned by improper driving, it is not error for the court to state to the jury a matter of common knowledge as to the condition of horses, where he instructs them that, if the condition of the horses in question was such that a man of ordinary prudence would have known that it was unsafe to proceed, it was defendant's duty to place them somewhere.

Error to Wayne; Lillibridge, J.   Submitted April 23, 1896.   Decided April 28, 1896.

Case by Oscar H. Lewis against John N. Bell for the death of a team of horses, alleged to have been caused by defendant's immoderate driving.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Turner & Crawford* (*James M. Goodell*, of counsel), for appellant.

*Fraser & Gates*, for appellee.

GRANT, J.   Defendant hired from the plaintiff, a livery stable keeper in Detroit, a team of horses, to drive around the city.   He used them three hours, and, when returned, they were in a very weak condition.   One died the same day, and the other the next.   Plaintiff instituted this suit, claiming that the defendant had failed to properly drive and to take due and proper care of the horses, and that their death resulted in consequence.   The evidence on the part of the defense tended to show that the horses were properly driven, and that they died from an overdose of medicine administered a day or two before, namely, a ball containing 3 drams of aloes, 1½ drams of calomel, and some gentian.   The defendant had verdict and judgment.

Two errors are assigned:

1. A witness for the plaintiff was asked his opinion as to what caused their death.   Objection was made to this that the witness had not shown sufficient experience or knowledge to justify his opinion.   The ruling was correct. The witness was not shown to have had any skill or experience in the diseases of animals.   He had been employed in a stable for 2½ years, where he had the superintendence of 40 horses, and said he had "watched the symptoms of horses."   This expression, whatever it may mean, did not show sufficient knowledge to render his opinion of any value.

2. Complaint is made because the court, in its instruction, used the following language: "Now, we all know that we have driven horses that have given evidence of scouring, and have driven them to the journey's end, and come back safely." The judge stated a matter of common knowledge, and immediately followed it by instructing the jury that if they should find that the "scouring was such that an ordinary man, with ordinary sense and judgment, would know that it was unsafe to proceed, then it was the duty of the defendant to have turned around, and placed the horses somewhere." The instruction was correct.

Judgment affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.