HARKER *v.* DETROIT UNITED RAILWAY.

1. STREET RAILROADS — INJURIES TO TEAM — NEGLIGENCE — EVI-
DENCE—SUFFICIENCY.

In an action against a street-railroad company for injuries to a
team which was left standing in the street and strayed upon
the track, evidence examined, and *held,* to present a case for
the jury whether defendant's motorman was negligent in
failing to observe that the team was without a driver.

2. TRIAL—INSTRUCTIONS—WEIGHT OF EVIDENCE. .

Where, in answer to a request for further instructions as to
whether the evidence was clear enough to decide whether
defendant's motorman was in fault or not, the trial judge
stated, " I think there is evidence in the case, there is testi-
mony in the case, from which you might find that the defend-
ant is guilty of negligence; but that depends upon whose
evidence you believe," the charge is not open to the criticism
that the jury were told to render a verdict for the plaintiff
if they believed his witnesses and for the defendant if they did
not.

3. SAVING QUESTIONS FOR REVIEW — EVIDENCE — SPECIFIC OBJEC
TION—NECESSITY.

The court will not reverse a case because an immaterial an-
swer, made before objection could be interposed, was al-
lowed to stand, no specific ground of objection being stated
and no request for instructions regarding it being made,
especially a case in which it is improbable that the result
was affected by the statement.

Error to Wayne; Hosmer, J. Submitted October 22,
1907. (Docket No. 111.) Decided January 31, 1908.

Case by Joshua Harker against the Detroit United
Railway for injuries to plaintiff's horses and wagon.
There was judgment for plaintiff, and defendant brings
error. Affirmed.

*Brennan, Donnelly & Van De Mark,* for appellant.
*Lizzie J. McSweeney* and *Henry C. L. Forler,* for
appellee.

HOOKER, J. The plaintiff's teamster, driving a team attached to a furniture van, left the same standing in the highway while he accepted an invitation to visit a saloon for some beer. He stated that he tied the reins to the seat and attached a weight to the left-hand horse. While yet in the saloon, his attention was attracted by the clangor of a street-car gong, and rushing out he found his horses upon the street-car track with a rapidly-approaching car 45 to 50 yards distant. Seeing that he had not time to extricate the horses he signaled the motorman but without avail and the horses were struck.

The declaration charges negligence in not stopping the car after discovering the danger, the car not being under proper control. It also charges that the plaintiff's horses were frightened by the car, causing them to run across the track. The case was made to turn upon the question whether the motorman was negligent in failing to discover at the time the team started that it was without a driver, and in not promptly bringing his car under control so that he could stop it in time to avoid a collision. A verdict for plaintiff followed and defendant has appealed, claiming that a verdict for defendant should have been directed. Some other errors are alleged.

The testimony of plaintiff's witnesses shows that the team crossed the road upon a walk, and in a diagonal direction, dragging the weight. It also shows that the seat was not covered by the top or side canvas of the van, and the negligence apparently relied on is a failure to observe that there was no driver upon the seat, and that the team was hitched to the weight. On defendant's part we are asked to say that the evidence conclusively shows that, owing to the angle at which the team proceeded, the motorman could not have known that there was no driver from observation, and that the strap attached to the left horse was obscured by the team which was between it and the motorman. Also that he was justified in supposing it had a driver, as it was walking. If a motorman knew that a team without a driver was approaching the

track in front of his car it would be negligence not to act at once to avoid the possibility of a collision; while if the driver was present there might be no such duty.

The angle of approach was not made definite by the witnesses. Neither are we able to say that, at the most acute angle of approach conceivable under the proof, some portion of the driver could not have been visible had there been one upon the seat. Again, if the reins were fastened to the seat or dragging upon the ground and visible so far, that fact, if noticed, would tend to indicate absence of the driver, and the same may be said of the weight strap in view of the testimony of one witness who stated that it was attached to the right-hand horse, which, if true, would make it between the horses and the car. The question was therefore one for the jury. Counsel for the defendant make a strong presentation of their side of the case upon the merits, but we are constrained to say that it does not reach a degree of certainty that would have justified the learned circuit judge in taking the case from the jury.

After a period of deliberation the jury returned into court, when the following occurred:

"*The Court:* Well, gentlemen, what is it?

"*A Juror:* Your honor, we are unable to agree, and we would like further instructions as to the evidence which would make out a case on a technical point raised—whether the evidence was clear enough to decide whether this motorman was in the fault or not—we would like a little further instructions.

"*The Court:* Well, I can only say to you, gentlemen, as I said before, that I think there is evidence in the case, there is testimony in the case, from which you might find that the defendant is guilty of negligence; but that depends upon whose evidence you believe. If you believe from the evidence that the van so crossed the road that the motorman should have seen it and should have seen that it was without a driver, then and under those circumstances, if you find that when a reasonable man would have discovered that, he still had time to stop his car so as to avoid a collision, then and under those cir-

cumstances alone would the plaintiff be entitled to a verdict. Do I make myself clear? But unless you find those things—unless you are satisfied by a preponderance of the evidence of that fact,—because it is upon the plaintiff to prove his case as in all these cases, by what we call a preponderance of the evidence, then your verdict should be of course for the defendant. Now, I cannot take your place. If all the testimony in this case was one way, it is possible I might say that two inferences should not be drawn from them, and instruct you as to the matter, but the evidence varying as to various points, why of course it becomes a question of fact for you, because the court is not allowed to usurp the province of the jury and determine a disputed point of fact. I give you the law, which you have got to take. If there is any question that you would like to ask about that does not involve a question of fact—

"*A Juror:* Then I would like to ask whether it is not a fact that the evidence must be clear that the motorman showed negligence?

"*The Court:* Undoubtedly.

"*A Juror:* That must be established by a preponderance of the evidence?

"*The Court:* There is no doubt about that.

"*A Juror:* If there is any doubt in the mind of the jury—

"*The Court:* I would not say if there is any doubt —that is going to the rule as laid down in criminal cases.

"*The Juror:* I was going to ask who was entitled to the doubt?

"*The Court:* The rule in civil cases to establish a thing, the plaintiff is bound—obliged to establish a thing by a preponderance of the testimony. That is to say, if the testimony were equally balanced in your own mind as to negligence or want of negligence, under those circumstances a verdict should be rendered for the defendant. It does not go to the extent that you have got to—in order to find a verdict you have got to exclude every reasonable doubt, but there must be a preponderance of the evidence in your minds in favor of the plaintiff before you are authorized to give him a verdict. It does not go so far as it does in the criminal law, because a man may not be convicted if there is a reasonable doubt in the mind of the jury. Although you may think in a criminal case that

the preponderance of the evidence shows guilt, still you may not convict him if there is a reasonable doubt in your own mind as to his guilt. But in this case, if you find there is a preponderance of the evidence showing negligence, under those circumstances you may find a verdict for the plaintiff for such damages as he suffered, but unless you do find that there is a preponderance of the evidence, showing negligence, you must find a verdict for the defendant. That is all I can say to you, gentlemen, on that subject. Is there anything further?

" *A Juror:* Nothing that I know of.

" *The Court:* In other words, you cannot speculate— in a certain sense speculate as to the negligence of the motorman; you must be satisfied from the position of the car and from the position of the van, and from the fact that there was an unobstructed view, that it was his duty not only to have seen the van, but to have seen that it was without a driver, for if he had reason to believe that there was a driver, the rule that I have read to you would prevail, that he would have a right to approach at full speed until he was satisfied from something that appeared to him there, that there was nobody in charge of the van.

" *A Juror:* Your honor, supposing the man driving the van did not know that there was—or the motorman did not know that there was a man on that van until he was so close that he could not stop his car?"

" *The Court:* That would depend upon what a man ought to have done under his circumstances. That is the point I leave to you in that respect, because of course the motorman has got to observe everything there is along the road, and he cannot keep his eyes on a thing the entire time, if there is anything else that should attract his attention. For instance, if there were a cow in the road he has got to see the cow as well as the van. Now, what he ought to have done under the circumstance of this case becomes a question for you, and that is what you are to determine. The mere fact that he did not see a man there may not be negligence, because the duties of the motorman there under those circumstances I think is a question for you and not for me, and I should be usurping your province if I attempted to give my own views as to what I believe in that case, because that is what a jury is for, and the court has no right—no more right to inflict his views on the jury as to

a point of fact than you have to disregard the law that I lay down for you.

"*A Juror:* Well, I guess we may as well go."

Counsel assign error upon the expression, "Well, I can only say to you, gentlemen, as I said before, that I think there is evidence in the case, there is testimony in the case, from which you might find that the defendant is guilty of negligence; but that depends upon whose evidence you believe," read in connection with the following: The juror wished to know "whether the evidence was clear enough to decide whether this motorman was in fault or not." We are cited to the case of *Henderson* v. *Railway Co.*, 116 Mich. 368, in support of this claim. The charge in the present case is not open to the criticism that the jury should render a verdict for the plaintiff if they believed his witnesses, and for defendant if they did not. The terms "whose witnesses" and "whose evidence" are radically different. The subject of the jurors' inquiry was discussed and explained at length, and no error is found in it.

The defendant called as a witness one Brandeau, whose furniture was in the van when it was struck. He testified in relation to the accident, and upon cross-examination was questioned in relation to a conversation with the plaintiff, which he denied, and in that connection was asked whether he did not then and there tell plaintiff that he had a good case against the railroad company. He answered no. On rebuttal plaintiff's witness contradicted him in both particulars. We are of the opinion that there was a proper foundation laid for this testimony, except as to the latter statement which was immaterial to the case. The trial judge expressed this opinion but allowed the answer to stand (the answer being given before the objection could be made), giving counsel an exception. No specific ground of objection was stated, and under numerous cases that fact permits us to disregard it. Counsel made no request for instructions regarding it. *People* v.

*Moore*, 86 Mich. 134; *People* v. *Pope*, 108 Mich. 361, 365; *Detzur* v. *Brewing Co.*, 119 Mich. 282 (44 L. R. A. 500).    We are the less reluctant to apply this rule because of the improbability that the result was affected by this statement.

The judgment is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.