ATLANTIC COAST LINE RAILROAD COMPANY, *Plaintiff in
Error,* v. CASSIE PIPKIN AND E. H. PIPKIN, HER HUS-
BAND, *Defendants in Error.*

1. In an action for personal injury where it is shown that the
injury was caused by the operation of a train of a railroad
company, the burden is upon the defendant company to show
that it exercised all ordinary and reasonable care and dili-
gence to avoid the injury.

2. It is the duty of the trial court on a proper motion for new
trial upon the ground that the verdict is excessive in amount,

A. C. L. Ry. Co. v. Pipkin—Opinion of Court.

to determine, when liability clearly appears, whether the verdict is excessive. The court has the power and duty of passing on the verdict and of determining the legal effect of the evidence, or of the lack of evidence.

3. In directing that a remittitur be entered for a stated amount upon a verdict awarding damages, and that upon failure to do so a new trial be granted, the court, whether trial or appellate, does not usurp the functions of a jury or deny to either party a right to a jury trial. The power and duty rests in the court to determine the validity of the verdict both as to its nature and amount; and in ordering a remittitur, the court merely adjudges that the amount of the verdict ordered to be remitted is, on the pleadings and evidence illegal.

Appealed from the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*Sparkman & Carter,* for Plaintiff in Error;

*Wilson & Boswell,* for Defendants in Error.

WHITFIELD, C. J.—In an action to recover damages for personal injuries to Cassie Pipkin and for expenses and loses resulting to her husband because of the injuries, the verdict awarded $7,500.00 to the wife and $1,340.00 to the husband.

On a motion for new trial being made by the defendant the court ordered a remittitur of $2500.00 of the amount awarded to the wife or else a new trial. The remittitur was entered and judgment was rendered for $5000.00 to the wife and $1340.00 to the husband. On writ of error the defendant railroad company insists that the trial court had no power to order the remittitur; that liability

of the defendant was not shown and that the evidence does not sustain the verdict.

It clearly appears that the plaintiff received some injury while a passenger on the defendant's train by a sudden and violent movement of the car in which she was riding. Under the statute this showing put upon the defendant railroad company the burden of showing that its servants had exercised all ordinary and reasonable care and diligence to prevent an injury to the passenger. Warfield v. Hepburn, 62 Fla. 409, 57 South. Rep. 618. Conflicts in the testimony was settled by the jury, and there is evidence to sustain a verdict of liability upon the part of the defendant.

There is some substantial evidence of serious internal injuries sustained by the plaintiff as a proximate result of the sudden and violent moving of the defendant's car on which the plaintiff was a passenger; and it cannot on this record be said that in awarding substantial damages to the plaintiff, the jury were not governed by the evidence adduced at the trial of the case. However, the trial judge was warranted in holding that the amount allowed by the verdict for personal injuries to the plaintiff wife was excessive. The amount for which judgment was rendered after the remittitur was entered is apparently more in accord with the justice of the case. See Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 South. Rep. 603.

The contention of the railroad company that the action of the trial court in directing a remittitur in lieu of a new trial deprives it of its right to have the amount of the damages as well as the defendant's liability determined by the jury, and that if the court regards the verdict as excessive, a new trial should be granted so that

another jury may determine the liability and the damages if liability is shown, cannot be sustained.

Under our law it is the duty of the trial court on a proper motion for new trial upon the ground that the verdict is excessive, where liability clearly appears, to determine whether the verdict is excessive in amount. and to order a remittitur of such a portion of the amount of the verdict for unliquidated damages regarded as in excess of a proper amount recoverable on the pleadings and evidence in the case, is not a denial of a right to a jury trial. The court has the power and duty of passing on the verdict and of determining the legal effect of evidence, or of the lack of it. The plaintiff may decline to enter the remittitur; and a new trial granted for failure to remit is clearly within the power of the court.

If the plaintiff feels aggrieved, a writ of error lies under the statute to the order granting the new trial. If the defendant objects to the judgment after the remittitur is entered, a writ of error is available.

In directing that a remittitur be entered for a stated amount upon a verdict awarding damages, and that upon failure to do so a new trial be granted, the court, whether trial or appellate does not usurp the functions of a jury or deny to either party a right to a jury trial. The power and duty rests in the court to determine the validity of the verdict both as to its nature and amount; and in ordering a remittitur, the court merely adjudges that the amount of the verdict ordered to be remitted is, on the pleadings and evidence illegal. The court acted within its power and the duty in ordering a remittitur. See Belt v. Lawes, L. R. 12 Q. B. Div. 356; Arkansas Val. Land & Cattle Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. Rep. 458; Baxter v. Chicago & N. W. R. Co., 104 Wis. 307, 80 N. W. Rep. 644; Young v. Cowder, 98 Tenn. 577, 40 S. W.

Rep. 1088; Evansville & P. Traction Co. v. Broemann, 40 Ind. App. 47, 80 N. E. Rep. 972; 29 Cyc. 1022; Hollinger v. York Rys. Co., 225 Pa. St. 419, 74 Atl. Rep. 344, 17 Ann. Cas. 571; Tucker v. Hyatt, 151, Ind. 332, 51 N. E. Rep. 469; Detzur v. B. Stroh Brewing Co., 119 Mich. 282, 77 N. W. Rep. 948, 44 L. R. A. 500; Heimlich v. Tabor, 123 Wis. 565, 102, N. W. Rep. 10, 68 L. R. A. 669; Adcock v. Or. Ry., 45 Or. 173; So. Pac. Ry. v. Tomlinson, 4 Ariz. 126; Noxon v. Remington, 78 Conn. 296; St. L. I. M. & S. Ry. v. Adams, 74 Ark. 326, 109 Am. S. Rep. 85.

The judgment is affirmed.　　　　　　　　　　。

Taylor, Shackleford, Cockrell and Hocker, J. J., concur.