P. C. MICKLER, *Plaintiff in Error,* v. J. B. STOKES, *Defendant in Error.*

Decision Filed February 26, 1921.

A Writ of Error to a Judgment of the Circuit Court within and for. the County of Pasco; O. K. Reaves, Judge.

*J. C. Davant,* for Plaintiff in Error;

*Arthur L. Anvil,* for Defendant in Error.

PER CURIAM.—This cause having been heretofore submitted to the Court upon the transcript of the record of the judgment aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

R. J. & B. F. CAMP LUMBER COMPANY, A CORPORATION, *Plaintiff in Error,* v. T. R. SWEAT, *Defendant in Error.*

Decision Filed February 26, 1921.

A Writ of Error to a Judgment of the Circuit Court within and for the County of Duval; George Couper Gibbs, Judge.

*Giles J. Patterson,* for Plaintiff in Error;

*W. M. Toomer,* for Defendant in Error.

PER CURIAM.—This cause having been heretofore submitted to the Court upon the transcript of the record of the judgment aforesaid, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judgment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby, affirmed.

All concur.

---

HENRY UNDERHILL, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed February 28, 1921.

1.  At common law it is not sufficient to allege the ownership of stolen property in a partnership without giving the names of the partners.

2.  Where no question of the sufficiency of an indictment alleging the ownership of stolen property in a partnership without giving the names of the partners was raised before the trial and verdict of guilty and no objections were interposed to the admissibility or competency of testimony to the effect that the alleged owner was a partnership composed of individuals whose names were given, a judgment of conviction will not be reversed upon the ground that the verdict is not supported by the evidence.