TAMPA ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error*, v. CONSUELA GAFFGA, JOINED BY HER HUSBAND, J. V. GAFFGA, *Defendant in Error.*

Opinion Filed March 7, 1921.

In an action to recover damages for personal injuries, where liability appears, but the damages awarded in the judgment are manifestly and grossly excessive, a remittitur will be permitted to be entered, and in default thereof a new trial will be granted by the appellate court. And this may be done, even though the trial court had permitted a remittitur of a part of the amount found by the verdict, and had rendered judgment upon the remittitur for an amount less than that stated in the verdict.

A Writ of Error to the Circuit Court for Hillsborough County; F. M. Robles, Judge.

Affirmed if remittitur be entered.

*Knight, Thompson & Turner,* for Plaintiff in Error;

*Gibson & Riherd,* for Defendants in Error.

PER CURIAM.—In an action for alleged personal injuries received by being caught in a door in alighting from a street car, a verdict for $5,000.00 was returned for the plaintiff. Upon suggestion of the trial court a remittitur of $3,000.00 was entered and judgment was rendered for $2,000.00. A motion for new trial was denied the defendant company and writ of error was taken.

A careful examination of the evidence contained in the transcript clearly shows that the injury received could not in reason have caused very great or prolonged pain or suf-

fering, did not entail expense or very much loss of activity and was not in any way permanent.

It is also manifest that the amount of the judgment as rendered, after remittitur, is greatly in excess of the "damage done" for which compensation is allowed by the statute. Sec. 3148, Gen. Stats., 1906, Compiled Laws, 1914.

If the defendant in error will enter a remittitur of $1,-500.00 within 30 days after the filing of the mandate in the court below the judgment will stand affirmed for $500.00; otherwise the judgment will stand reversed. Luce v. Lee, 79 Fla. 693, 84 South. Rep. 726; Atlantic Coast Line R. Co. v. Conant, 79 Fla. 668, 84 South. Rep.. 688; Postal Telegraph-Cable Co. v. Scott, 76 Fla. 336, 79 South. Rep. 767; Saunders Transfer Co. v. Underwood, 77 Fla. 167, 81 South. Rep. 105; Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 South. Rep. 603; Florida East Coast R. Co. v. Hayes, 67 Fla. 101, 64 South. Rep. 504; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714. Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.