CITY OF MIAMI, FLORIDA, A MUNICIPAL CORPORATION, JOHN J. QUINN, DOING BUSINESS AS JOHN J. QUINN & COMPANY, AND THE POSTAL TELEGRAPH-CABLE COMPANY, A CORPORATION, *Plaintiffs in Error,* v. MARY A. FIRTH, A FEME SOLE, *Defendant in Error.*

Opinion Filed February 28, 1923.

In an action to recover damages for personal injuries, where there is evidence to sustain a verdict for compensatory damages under the declaration, but the amount of the verdict is manifestly excessive, a remittitur will be permitted; otherwise a new trial will be granted.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed, if remittitur is entered.

*A. J. Rose, Hudson & Cason* and *E. B. Kurtz,* for Plaintiffs in Error;

*R. B. Gautier,* for Defendant in Error.

PER CURIAM.—A writ of error was taken by the defendants to a judgment for $5000.00 as damages for injuries including a broken arm and other bruises sustained by the

plaintiff by falling into an unguarded excavation in a street of the city. Technical defenses that might or might not have been available to the city were not duly interposed. There is evidence to sustain a verdict for compensatory damages against the defendant, and no material or harmful errors appear except that the amount awarded as compensatory damages is manifestly excessive. If within thirty days after the filing of the mandate in the trial court, the plaintiff remits $2500.00 of the damages awarded, the judgment will stand affirmed for $2500.00 otherwise the judgment will stand reversed for a new trial. Tampa Electric Co. v. Gaffga, 81 Fla. 268; 93 South. 148.

It is so ordered.

TAYLOR, C. J., AND WHITFIELD, ELLIS, BROWNE AND WEST, J. J., concur.