ATLANTIC COAST LINE RAILROAD COMPANY; A CORPORATION, *Plaintiff in Error, v.* ERNEST N. OELAND, *Defendant* in *Error.*

### Division B.

### Opinion Filed July 2, 1924.

In an action to recover damages for personal injuries, where legal liability within the allegations for compensatory damages appears from the evidence, but the amount of the verdict is manifestly excessive, a remittitur will be permitted; otherwise a new trial will be granted.

A Writ of Error to the Circuit Court for Polk County, John S. Edwards, Judge.

Judgment affirmed if remittitur is entered.

*Kelly & Sutton,* for Plaintiff in Error.

*R. B. Huffaker,* for Defendant in Error.

PER CURIAM.—Writ of error was taken by defendant below to review a judgment against it for $6,500 in damages for injuries to plaintiff's hand alleged to have been sustained as a result of the negligent operation of defendant's train.

The contention primarily is that legal liability of defendant is not established by the evidence, and secondarily, that if so, the amount awarded is manifestly excessive.

Recital of the evidence would not be productive of benefit. There is basis in the evidence for a finding of legal liability within the allegations for compensatory damages, but the amount awarded is considered execessive. If within thirty days after the filing of the mandate in the trial

court, the plaintiff will enter remittitur of $1,500 of the amount, the judgment will stand affirmed for $5,000, otherwise the judgment is reversed for a new trial. City of Miami v. Firth, 85 Fla. 263, 95 South. Rep. 573; Lunham v. DeMerritt, 83 Fla. 798, 93 South. Rep. 148; Tampa Electric Co. v. Gaffga, 81 Fla. 268, 87 South. Rep. 640.

WHITFIELD, P. J., AND WEST AND TERRELL, J. J., Concur.