R. R. TELLER, *Plaintiff in Error*, v. DORA L. RICHTER, JOINED BY HER HUSBAND, LOUIS RICHTER, AND LOUIS RICHTER, *Defendants in Error*.

### Division B.

### Opinion Filed November 6, 1924.

In an action to recover damages for personal injuries, where legal liability within the allegations for compensatory damages appears from the evidence, but the amount of the verdict is manifestly excessive, a remittitur will be permitted; otherwise, a new trial will be granted.

A Writ of Error to the Circuit Court for Dade County, Mitchel D. Price, Judge.

Affirmed on condition of remittitur.

*Bart A. Riley* and *R. B. Gautier,* for Plaintiff in Error.

*G. A. Worley & Son* and *Semple & Taylor,* for Defendants in Error.

WEST, J.—In suits brought against a surgeon by a wife and husband each of them claimed damages suffered because of the alleged unskillful and negligent manner in which an operation was performed upon the wife by the surgeon. By order of the court the suits were consolidated. There was a verdict for the wife in the sum of $7,000 and for the husband in the sum of $1,000. Writ of Error was taken from this court.

There are a number of assignments of error, each of which has been considered. The record contains evidence proving legal liability within the allegation of the declaration and no harmful error appears except that in the amount allowed to the plaintiff upon whom the operation was performed the verdict is manifestly excessive.

If, within thirty days after the filing of the mandate in the trial court, the plaintiff Dora L. Richter remit $3,000 of the damages awarded to her, the judgment will be affirmed for $4,000 for plaintiff Dora L. Richter and $1,000 for plaintiff Louis Richter. Otherwise the judgment will stand reversed for new trial. A. C. L. R. Co. v. Oeland, 88 Fla. 122, 101 South. Rep. 360; City of Miami v. Firth, 85 Fla. 263, 95 South. Rep. 573; Luce v. Lee, 79 Fla. 693, 84 South. Rep. 726.

It is so ordered.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.