GRACE JOHNSON SEWELL, A DESERTED MARRIED WOMAN, BY HER NEXT FRIEND, ALVA HOOVER SANFORD, *Plaintiff in Error,* v. JOHN SEWELL AND JESSIE B. SEWELL, *Defendants in Error.*

Division B.

Opinion Filed May 20, 1926.

*James M. Carson* and *John M. Murrell,* for Plaintiff in Error;

*G. A. Worley & Son,* and *Price & Price,* for Defendants in Error.

BUFORD, J.—The action under consideration here was brought by the plaintiff in error in the Circuit Court of Dade County, Florida, against the defendants in error for an alleged conspiracy 'to alienate the affections of the husband of the plaintiff in error and for the wilful and malicious alienation of the husband's affections and for causing him to abandon and desert the plaintiff in error. The declaration was in nine (9) counts.

Demurrer was filed to each and every count of the declaration and was overruled.

The verdict was in favor of plaintiff against the defendants for $45,000.00.

Motion was made for a new trial and the court, after considering the same on the 8th day of February, 1923, made the following order, to-wit:

"This cause having come on to be heard upon motion of the defendants, John Sewell and Jessie B. Sewell, for a new trial to be had in the premises, and the court having heard argument of counsel for the respective parties and being fully advised in premises, it is upon consideration thereof

"ORDERED, ADJUDGED AND DECREED, that the said motion for a new trial be and the same is hereby denied, upon the plaintiff filing a remittitur in the sum of Fifteen Thousand ($15,000.00) Dollars, by and inclusive of the 9th day of February, A. D. 1923, allowing the judgment rendered in this cause to stand at Thirty Thousand ($30,000.00) Dollars; otherwise said motion will be granted.

"DONE AND ORDERED IN Chambers, at Miami, Dade County, Florida, this 8th day of February, A. D. 1923."

On the 10th day of February, 1923, the Court made the following order, to-wit:

"This cause coming on to be further heard upon motion for new trial, and the refusal of the plaintiff herein to enter a remittitur for a portion of the judgment herein in accordance with the order of this Court, dated February 6th, 1923, and the parties hereto being represented by their respective counsel, and it appearing to the Court from the records herein and from the statement of counsel that the plaintiff declines to enter a remittitur by and including the 9th day of February, 1923, it is thereupon

"ORDERED, ADJUDGED AND DECREED that the motion of the defendants for a new trial be granted, to which ruling of the Court the plaintiff excepts, and it is further

"ORDERED, ADJUDGED AND DECREED that the plaintiff and she is hereby allowed a hundred and twenty (120) days from the date of this order in which to prepare and present to the Court her bill of exceptions herein.

"DONE AND ORDERED at Miami, Florida, this 10th day of February, A. D. 1923, at 10 o'clock A. M."

A writ of error was taken by the plaintiff which must be regarded as taken to the order granting a new trial, since the final judgment was vacated in granting a new trial. The Statutes contain the following:

"It shall be the duty of the Court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as it may appear according to law." Sec. 2918, Rev. Gen. Stats. 1920.

Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting

for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order, and if the cause be reversed, shall direct final judgment to be entered in the court below, for the party who had obtained the verdict in the court below, unless a motion in ·arrest of judgment, or for judgment *non obstante veredicto*, shall be made and prevail.'' Sec. 2905, Rev. Gen. Stats.

The writ of error may be regarded as addressed to the order last above quoted granting a new trial; and the statute expressly provides that on a writ of error to an order granting a new trial, the appellate court "shall review the said order," which is the only matter that may be considered by the appellate court on a writ of error so taken. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Huff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782; Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 South. Rep. 44; Carney v. Stringfellow, 73 Fla. 700, 74 South. Rep. 866; Lockhart v. Butt and Suttles v. Burbridge, decided at this term.

Section 2918, Revised General Statutes, above quoted was first enacted in 1832, when writs of error were as at common law allowed only to final judgments in actions at law.

.As Section 2905, Revised General Statutes, allowing writs of error to orders granting new trials in law actions, was first enacted in the Revised Statutes of Florida, 1892, Section 2918, cannot fairly be held to authorize the appellate court, on a writ of error to an order granting a new trial, to do more than to "review the said order" as is specifically provided in Section 2905, Revised General Statutes, allowing writs of error to orders granting new trial.

It is the duty of the trial court on a proper motion for new trial upon the ground that the verdict is excessive in amount, to determine, when liability clearly appears, whether the verdict is excessive. The court has the power

and duty of passing on the verdict and of determining the legal effect of the evidence, or of the lack of evidence.

In directing that a remittitur be entered for a stated amount upon a verdict awarding damages, and that upon failure to do so a new trial be granted, the court, whether trial or appellant does not usurp the functions of a jury or deny to either party a right to a jury trial. The power and duty rests in the court to determine the validity of the verdict both as to its nature and amount; and in permitting a remittitur, the court hereby adjudges that the amount of the verdict that may be remitted is, on the pleadings and evidence illegal. Atlantic Coast Line R. Co. v. Pipkin, 64 Fla. 24, 59 South. Rep. 564; Pensacola Gas Co. v. Pebley, 25 Fla. 381, 5 South. Rep. 593; Florida R. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Arkansas Val. Land & Cattle Co. v. Mann. 130 U. S. 69, 9 Sup. Ct. Rep. 458; Northern Pac. R. Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. Rep. 590; Union Pac. R. Co. v. Hadley, 246 U. S. 330, 38 Sup. Ct. Rep. 318.

Where the amount awarded in a judicial finding is regarded by the trial court as being excessive or contrary to law or to the evidence, and a remittitur is suggested by the court as an alternative to a new trial, if the remittitur is entered, judgment may be rendered for the amount of the finding less the amount remitted. To such judgment the defendant may take writ of error and present to the appellate court questions in the cause relating to liability and to the amount of the recovery. Where liability appears, but the damages are excessive, a further remittitur may be suggested by the appellate court as an alternative to a reversal for a new trial, Tampa Electric Co. v. Gaffga, 81 Fla. 268, 87 South. Rep. 922; Standard Growers' Exch. v. Martin, 80 Fla. 864, 87 South. Rep. 54.

Where the party in whose favor a money verdict is ren-

dered declined to enter a remittitur suggested by the trial court as an alternative to the granting of a motion for new trial, and motion for new trial is granted, the party in whose favor the verdict is rendered may, under the statutes, take a writ of error to the order granting a new trial, but if any of the grounds of the motion for new trial show material and prejudicial error in the finding either as to liability or as to the amount awarded, the order granting the motion for new trial should be affirmed, since if the error relates to liability a new trial was properly granted, and if the error relates only to the amount allowed, the party in whose favor the verdict was rendered, by refusing to enter the suggested remittitur, has lost the opportunity to cure the error in the verdict as indicated by the trial court.

In this case even if the errors asserted by the motion for a new trial related only to the amount of damages found in the verdict, and not to liability, the order granting a new trial must be affirmed, since the plaintiff having declined to enter a remittitur, the order granting a new trial was properly made.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS AND STRUM, J. J., concur in the opinion.

BROWN, C. J., not participating.