J. E. HUNT, as Tax Collector and Town Clerk of the Town of Dundee, and the TOWN OF DUNDEE v. STATE, *ex rel.* DUNDEE CITRUS GROWERS' ASSOCIATION, a Corp.

163 So. 83.

Division A.

Opinion Filed September 2, 1935.

754

*Robert T. Dewell,* for Plaintiffs in Error;
*Huffaker & Edwards,* for Defendant in Error.

BROWN, J.—The Town of Dundee, in Polk County, issued and sold certain bonds in 1925. The authorizing ordinance provided that the interest coupons attached to the bonds "when due, shall be receivable by the Town of Dundee for all Town Taxes and demands of whatever description." The defendant in error, relator in the court below, is the owner of certain real estate situated in said town, on which there became due town taxes, and tendered certain of the coupons from said bonds in payment thereof, to the tax collector of the town, which tender was refused. Whereupon, in January of this year, defendant in error brought mandamus proceedings in the Circuit Court against the town and its tax collector to compel the receipt of such coupons in payment of the taxes, as provided for in the ordinance above referred to. To the alternative writ, which was duly issued, the respondents filed a return, admitting practically all of the allegations thereof, but attempted to justify the refusal to accept the coupons in payment of said taxes upon the ground that to do so in this and other like cases would leave the town without sufficient funds to pay its operating expenses. They averred their willingness to accept coupons in payment of two-thirds of relator's town taxes, but alleged that they must insist on the payment of the other third in lawful money, in order to operate the town government, including the furnishing of police and

fire protection and supplying of water to the citizens of the town. The relator filed a motion for the issuance of the peremptory writ notwithstanding the return, which motion was granted. The respondents took this writ of error.

It is not contended here on behalf of plaintiffs in error that the Town of Dundee was without power to make the provision in the ordinance authorizing the bond issue that the bond interest coupons should be receivable in payment of taxes. The contention is that the court below erred in granting the motion for the peremptory writ because all contracts are subject to the police power and that the return showed that the town has the right to refuse to carry out its contract in respect to the matter above referred to because to have done so would, under the existing conditions, have disabled it from discharging its primary and paramount duty to exercise its governmental functions—its police powers—for the protection of its citizens. In support of this contention, counsel for plaintiff in error cite Cawthon v. Town of DeFuniak Springs, 88 Fla. 306, 102 So. 251; Fla. East Coast Ry. Co. v. City of Miami, 76 Fla. 277, 79 So. 682; Page on Contracts, Vol. 6, Sec. 3690; Boyd v. Alabama, 24 L. Ed. 302, 94 U. S. 645; Holden v. Hardee, 169 U. S. 366, 42 L. Ed. 780; Phosphate Co. v. Priest, 67 Fla. 370, 65 So. 282; Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789; Whitaker v. Persons, 80 Fla. 352, 86 So. 247; Maingault v. Springs, 199 U. S. 473, 50 L. Ed. 274.

A brief general treatment of the effect of the proper exercise of the police power on contracts will be found in 6 R. C. L. 347-350; citing Northern Pac. Ry. Co. v. Minnesota, 208 U. S. 583, 228 S. Ct. 341, 52 L. Ed. 630, and other cases. See also Home Building & Loan Association v. Blaisdell, 290 U. S. 398, 78 L. Ed. 413, and State, *ex rel.*

Ellis, v. Atl. Coast Line R. Co., 53 Fla. 650, 44 So. 213; 13 L. R. A. (N. S.) 320; 12 Ann. Cas. 359.

The cases cited, and the principle upon which they rest, are not applicable here. We are not dealing here with legislation in the exercise of the police power which impairs the obligations of a contract. No statute has been passed by the Legislature attempting to absolve the ʻTown of Dundee from the obligation of its contract to accept these bond coupons in payment of taxes. Nor has the town itself by any ordinance, attempted to authorize or command the tax collector to refuse to receive these coupons in payment of taxes, even if such attempt would have been of any legal effect. We are dealing merely with a refusal by the town officials to receive these coupons in payment of taxes, in plain violation of their own previous unrepealed and unamended ordinance, and in violation of their contract obligation. The cases cited by plaintiff in error deal with the validity of statutes claimed to have been passed in the legitimate exercise of the police power and which impaired existing contract rights. It is with reference to such exercise of the police power by the Legislature that the general rule has been laid down that the constitutional protection of contracts is necessarily subject to the police power of the State when legitimately exercised.

But it is unnecessary to go into this question here, for even if we should concede the general legal proposition contended for by plaintiff in error, for the sake of argument, the facts alleged in the answer or return to the alternative writ are not sufficient to excuse the city for not carrying out its contract. The court below could not base its action upon the general conclusion of the pleader that to carry out the contract relied on by defendants in error would prevent the town from the exercise of its police power. It is

not shown what provision, if any, the town has ever made to levy a sufficient tax to pay the principal and interest of these bonds, or that the town has ever made any *bona fide* effort to collect such taxes as were levied. It is not shown that the town has exhausted its municipal power to raise money by occupational and other forms of taxes. Nothing is said about the assessed valuation of real and personal property in the town for municipal taxes. For aught that appears from the return, it might be possible for the town, by properly exercising all the legitimate taxing powers granted to it, to be able to collect sufficient money to carry on its normal functions not only, but also sufficient to pay these bond interest coupons in cash as they become due and thus avoid the necessity of accepting the coupons for taxes. Before a municipality can on any ground recognized by law, absolve itself from the complete present performance of its contracts, when its creditors seek the aid of the courts to require compliance with such obligations, it must make a very strong showing, a full disclosure of the situation not by allegations of conclusions, but by clear allegations of facts which would in law excuse it from such present compliance.

In the case of Lasseter v. State, *ex rel.* City of Jacksonville, 67 Fla. 240, 64 So. 847, this Court said:

"The next contention is that 'the coupons of the bonds are attempted to be made acceptable for taxes or other dues to the City of Jacksonville.' It is contended on the one hand that this provision is equivalent to an attempt to authorize the City of Jacksonville, to issue bills of credit or currency, and on the other that it creates an unlawful, unjust and unconstitutional discrimination between classes of individuals who may be so fortunate as to possess some of these bonds, if they are ever issued, and that class who are

not so forutnate, in the payment of taxes and dues to the City of Jacksonville. This question was settled adversely to the contention of the appellant in the Virginia Coupon Cases. See Poindexter v. Greenhow, 114 U. S. 270, 5 Sup. Ct. Rep. 903, 962. No authorities are cited by appellant."

In the case cited by this Court in the Lasseter case, Poindexter v. Greenhow, the Supreme Court of the United States held that under the terms of the Act under which the bonds and coupons were issued (similar to those of the ordinance here in question) a contract was made between every coupon holder and the State that such coupons should be receivable at and after maturity for all taxes and demands due the State; and that the right of the coupon holder to have his coupons received for taxes when offered could not be taken away or impaired by a subsequent Act of the Legislature forbidding the receipt of such coupons in payment of taxes, and that such subsequent Act was void as against the coupon holder.

It was further held in that case that the faculty of these coupons of being receivable in payment of taxes was a self-executing remedy in the hands of the taxpayer, and it thereby became the legal duty of every tax collector to receive such coupons in payment of taxes upon an equal footing and with equal effect as though they were money. It was also held that the coupons in question were not "bills of credit" within the meaning of the Federal constitutional provision which forbids a State to "emit bills of credit," because, although issued by the State of Virginia on its credit and made receivable in payment of taxes, and negotiable, so as to pass from hand to hand by delivery merely, they were not intended to circulate as money between individuals, or between the government and individuals, for the ordinary purposes of society.

For the reasons above pointed out, the order appealed from is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and DAVIS, J., concur.

TERRELL and BUFORD, J. J., concur in the opinion and judgment.