George W. Malone v. Gordon M. Folger, *et ux.*

180 So. 522.
Opinion Filed April 14, 1938.

*E. W. & R. C. Davis,* for Plaintiff in Error;

*Maguire & Voorhis,* and *C. E. Lemire,* for Defendants in Error.

Per Curiam.—This action was brought by husband and wife. to recover damages for injury to the husband's automobile, and for his expenses and loss of the services and consortium of his wife because of her injury, and also to recover for personal injury to the wife, in breaking a bone in her foot and other less serious injuries with consequent

pain, all alleged to have been caused by the negligence of the defendant in an automobile accident. The verdict awarded $1,500.00 to the husband and $3,000.00 to the wife. Judgment was entered for the two amounts separately, and defendant took writ of error to the judgment after new trial was denied.

In accord with the provision of Section 4 of the Declaration of Rights that in "all courts of this State * * * right and justice shall be administered * * * by due course of law," Section 4637 (2918) C. G. L. enacts that "it shall be the duty of the court on an appeal on writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law."

Where liability of the defendant appears and the verdict is excessive, a remittitur of the excess may be allowed as an alternative for a new trial by the trial court. Pensacola Electric Co. v. Bissett, 59 Fla. 360, 52 So. 367; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. 339; or by the appellate court, Ryan v. Noble, 95 Fla. 830, 116 So. 766; or by both courts, Tampa Electric Co. v. Gaffga, 81 Fla. 268, 87 So. 922. This does not interfere with the right to trial by jury, but indicates the amount of recovery that the court considers excessive, the court being required by controlling law to consider the entire record and to administer right and justice thereon. A. C. L. Ry. Co. v. Pipkin, 64 Fla. 24, 59 So. 564.

In this case, upon a consideration of the entire record, liability appears but the verdict is excessive as to the wife.

If the plaintiffs shall remit $1,000.00 of the $3,000.00 awarded the wife, the judgment will stand affirmed for $2,000.00 to the wife and $1,500.00 to the husband; otherwise the judgment will stand reversed for a new trial as

to the amount of damages that should be adjudged to the wife.

It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., concurs in part, dissents in part.

BROWN, J.—I concur in the holding that liability appears, but I cannot concur in the requirement of a remittitur. In this case exemplary or punitive damages were claimed by the plaintiffs and allowed, at least as to Mrs. Folger, by the jury. There was undoubtedly abundant evidence in this case to sustain the allowance of such exemplary damages which the holding of the majority impliedly admits. The amount of such damages was in this case as in other cases of this nature, peculiarly a jury question, and under this evidence I do not think this Court would be justified in disturbing the verdict as rendered. The judgment should, in my opinion, be affirmed *in toto*.